WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Mira, | No. CV-25-00658-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Deutsche Bank National Trust Company, | |
| Defendant. | |

Before the Court is *pro se* Plaintiff Rachel Mira's ("Plaintiff") Motion for Leave to File a Second Amended Complaint (Doc. 15), "Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Prevent Harassment" ("TRO Motion"), and "Supplemental Pleading Pursuant to Rule 15(d) to Add Post-Filing Facts and new Defendant (Individual Agent)" (Doc. 22). Plaintiff has asked for expedited review of her TRO Motion. (Doc. 18). The Court grants Plaintiff's request for expedited review but for the reasons set forth below, denies both the Motion for Leave to File Second Amended Complaint and the TRO Motion. This matter will be dismissed.

**I.    Background**

On February 27, 2025, Plaintiff filed a Complaint against Defendant Deutsche Bank National Trust Company ("Defendant") for its attempts to wrongfully foreclose on her property. (Doc. 1 at 4). Plaintiff outlined the relief she was seeking as "removal of liens, all rights, titles, interest in the over the counter security . . ." (*Id.*) While Plaintiff's underlying state claims were rooted in a foreclosure action, her path into federal court

was via diversity jurisdiction. (*Id.* at 3). In her original Complaint, Plaintiff alleged she is an Arizona resident, Defendant is a Texas corporation, and the amount of controversy was over $75,000.00. (*Id.* at 2–3). The Court subsequently informed Plaintiff of its preliminary policies and procedures and ordered Plaintiff to file proof of service of the summons and Complaint upon Defendant on or before May 28, 2025, or her case would be dismissed. (Doc. 13). Prior to this deadline, on April 14, 2025, Plaintiff filed a First Amended Complaint ("FAC") and again listed the basis of federal jurisdiction as diversity of citizenship. (Doc. 14 at 1). This time, however, Plaintiff listed Defendant's citizenship as New York, not Texas. (*Id.*) Plaintiff alleges the same claim in the FAC as she had done in her original Complaint: Defendant had no legal right to foreclose on her property and was attempting to do so anyway. (*Id.* at 2).

Despite the Court's Order, Plaintiff did not file a proof of service of the FAC on Defendant with the Court on or before May 28, 2025, and has not sought an extension of time to serve Defendant.[1] *See* Fed. R. Civ. Proc. 5(B) (outlining that amended pleadings must be served). Notwithstanding, on June 11, 2025, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Doc. 15). In that Motion, Plaintiff seeks to add two parties to the lawsuit: 339 Properties LLC, an Arizona LLC, and U.S. Bank Trust National Association. (Doc. 16 at 2). Plaintiff does not allege the citizenship of U.S. Bank Trust National Association but lists an Arizona address for its alleged attorney in her proposed Second Amended Complaint. (*Id.*) According to Plaintiff, 339 Properties LLC claims to have an interest in her home, subject to a trustee sale. (*Id.*) Similarly, she alleges that U.S. Bank Trust National Association also has a trustee interest. (*Id.*)

On July 21, 2025, Plaintiff filed a TRO "to stop unlawful, harassing conduct by Defendant 339 Properties LLC and its individual agent." (Doc. 18). The same day, Plaintiff filed a "Supplemental Pleading Pursuant to Rule 15(d) to Add Post-Filing Facts and New Defendant (Individual Agent)" (Doc. 22), in which she identifies Redden Clouse as an agent of 339 Properties, LLC, and seeks to add him as a defendant to this

---

[1] Defendant has accordingly not appeared in this action.

- 2 -

lawsuit.

## II.     Discussion

The Court notes two main deficiencies with Plaintiff's case: the Court's lack of personal jurisdiction over Defendant and its potential lack of subject matter jurisdiction if proposed parties were added to this action. The Court will flush out these deficiencies in greater detail below.

### A.     Failure to Serve the First Amended Complaint and Lack of Personal Jurisdiction over Defendant

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served [with the summons and complaint] in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (citation and internal quotation marks omitted); *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Federal Rule of Civil Procedure 4(m) requires that defendants be served with process within 90 days after the complained is filed. If the plaintiff fails to meet this deadline, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Rule 4(m) permits a court to extend the time to serve "for an appropriate period" if the plaintiff shows good cause for the failure to timely serve process. But "without substantial compliance with Rule 4[,] 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' " *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Here, Plaintiff's original Complaint was filed on February 27, 2025, and named Deutsche National Bank and Trust as a Defendant. (Doc. 1). Plaintiff filed her First Amended Complaint on April 22, 2025, again only naming Deutsche National Bank and Trust, but with added claims. (Doc. 14). Plaintiff was on notice that she had until May 28, 2025, to serve the First Amended Complaint on Defendant Deutsche National Bank

and Trust. *See* Fed. R. Civ. P. 4(m) (setting deadlines for effecting service of process); (Doc. 13). *See also Gerwaski v. Nevada*, No. 2:24-CV-00985-APG-MDC, 2025 WL 1311037, at *2 (D. Nev. May 5, 2025) (noting that Rule 4(m)'s time limit 'is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint' because otherwise the plaintiff could repeatedly file amended complaints 'to extend the time for service indefinitely.' ") (citing *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (cleaned up)). To date, Plaintiff has not filed proof of service on Defendant or indicated that Defendant has waived service of the FAC and Summons. That deadline has long passed. Because Plaintiff has failed to state good cause for her failure to timely serve Defendant, the Court declines to extend the service deadline and will dismiss Plaintiff's FAC for lack of personal jurisdiction over Defendant. *See* Fed. R. Civ. P. 4(m) (allowing Court to dismiss the case on its own or on motion for failure to timely serve a defendant).

**B.     Possible Lack of Diversity Jurisdiction with the Addition of More Defendants**

Plaintiff's proposed Second Amended Complaint seeking to add new defendants does will also be denied because Plaintiff has failed to sufficiently allege diversity jurisdiction therein.

Federal courts have jurisdiction under 28 U.S.C. § 1332 when: (1) there is a complete diversity of citizenship among the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant; and (2) the amount in controversy exceeds $75,000.00. "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both *pleading* and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (internal quotation marks and citation omitted) (emphasis added). Therefore, "'[t]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings.'" *Id.* (quoting *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (citation omitted)).

For total diversity of citizenship to exist, "*each* defendant [must be] a citizen of a

different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). The Ninth Circuit has refused to treat the citizenship of LLCs the way it has the citizenship of corporations for diversity jurisdiction purposes. *Strotek Corp. v. Air Transp. Ass'n of Am.,* 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Instead, an LLC is a citizen of each state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In this same manner, a trust has the citizenship of each of its trustees. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 (1980).

Plaintiff's proposed Second Amended Complaint has not alleged total diversity of citizenship. Plaintiff is a citizen of Arizona. (Doc. 14 at 1). Her proposed Second Amended Complaint seeks to add two non-corporate entities 339 Properties LLC and U.S. Bank Trust National Association as defendants. (Docs. 15 & 16). Nowhere in Plaintiff's Motion has she listed the citizenship of either 339 Properties LLC or U.S. Bank National Trust Association. If all or any of 339 Properties LLC's members are citizens of Arizona, this would divest the Court of diversity jurisdiction in this case. The same outcome results if all or any of U.S. Bank National Trust Association's members are citizens of Arizona. Because Plaintiff has insufficiently alleged the citizenship of these proposed defendants, their addition would likely divest the Court of diversity jurisdiction. Thus, her Motion for Leave to file a Second Amended Complaint will be denied.

### C.     Lack of Legal Basis to Issue a TRO against a Non-Party

Having dismissed the FAC, and denied her request for leave to amend, Plaintiff's TRO Motion will also be denied. The relief it seeks is only against nonparties. "[I]n general, the court cannot issue a temporary restraining order requiring non-parties [to] take action." *Fornix Holdings LLC v. Unknown Party*, 2024 WL 5223585, *2 (D. Ariz. 2024). "An injunction binds a non-party only if it has actual notice and either abets the enjoined party in violating the injunction or is legally identified with the enjoined party."

*Consumer Fin. Prot. Bureau v. Howard L., P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (cleaned up). An *ex parte* TRO as to a nonparty is thus impermissible, as "actual notice" is a prerequisite. *Id.* "The text of Rule 65(d) is exclusive, stating that an injunction can permissibly bind 'only' those persons listed in Rule 65(d)." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1287 (9th Cir. 2009). Where a TRO application as to a nonparty fails to establish or even argue that the nonparty qualifies as one of the persons listed in Rule 65(d), the application necessarily fails—unless the non-party stipulates to its agreement to be bound. *Cf. Fornix*, 2024 WL 5223585 at *2 (refusing to grant TRO where nonparty did not stipulate and no argument was made that Rule 65(d) was satisfied).

Plaintiff seeks to enjoin the action of non-parties 339 Properties, LLC and "its individual agent," who she identified in her Supplement Pleading (Doc. 22) as Redden Clouse. (Doc. 18). Plaintiff has given the Court no indication that the non-parties were provided with any notice of her lawsuit or that the parties can be properly enjoined under the commands of Federal Rule of Civil Procedure 65. *See* Fed. R. Civ. P. 65(d)(2) (outlining the parties and other persons that can be enjoined). While there are instances in which Federal Rule of Civil Procedure 65 allows non-parties to be enjoined, Plaintiff has not plead any of those requirements in her TRO Motion. Specifically, she has not alleged how these three nonparties are in "active concert or participation" with Defendant Deutsche Bank National Trust Company (whom, again, the Court does not have personal jurisdiction over). Fed. R. Civ. P. 65(d)(2). The TRO Motion will be denied.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Expedited Review (Doc. 20) is **granted**. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 15) and Plaintiff's Motion for a Temporary Restraining Order (Doc. 18) are **denied**.

/ / /

/ / /

/ / /

1  **IT IS FURTHER ORDERED** that this matter is dismissed without prejudice for
2  failure to timely serve Defendant with the Complaint and Summons.  The Clerk of Court
3  is directed to terminate and close this matter.
4  Dated this 22nd day of July, 2025.

Honorable Diane J. Humetewa
United States District Judge